IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04CV15-02-V
(5:97CR433-V and 5:97CR348-V)

| | |
|---|---|
| **TRAVIS BERNARD FRALEY,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court on the petitioner's "Motion To Alter And Amend Judgment Pursuant To Federal Rule Of Civil Procedure 59(e)" (document # 4); and on the petitioner's "Request For Status Report" (document # 5). For the reasons stated herein, and for the further reasons set forth in the Court's Order denying the petitioner's Motion to Vacate (document #2), the instant Motion to Alter will be denied; and his Request for Status Report will be dismissed as moot.

According to the record of this matter, on February 13, 2004, the petitioner filed a Motion To Vacate, seeking to challenge the effectiveness of counsel on two specific bases, and to challenge his Career Offender designation. However, the Court dismissed that Motion concluding, inter alia, that since the petitioner got the sentence for which he had bargained in his Plea Agreement, he could not establish deficiency or prejudice on

counsel's part; and that even in light of the petitioner's post-criminal judgment success in having one of his State Court convictions overturned, by the time he was sentenced in case 5:97CR348, the petitioner still could have been designated a Career Offender by virtue of the three qualifying federal felony drug convictions he would have sustained in cases 3:94CR120 (one drug conviction) and 5:97CR43 (two drug convictions).

Now, by the instant Motion, the petitioner seeks reconsideration of those determinations. Particularly, the petitioner argues that notwithstanding the Court's downward departure, since his Criminal History Category was Level VI he actually was sentenced as a Career Offender. Thus, the petitioner asserts that since he was successful (after his last federal sentencing) in reversing a State court conviction, the Court should have granted his Motion to Vacate because he simply was ineligible for the Career Offender designation.

However, as was previously noted, apart from his State court conviction, the petitioner could have been designated a Career Offender by virtue of his <u>federal</u> criminal livelihood. Ultimately, however, the petitioner received the 180-month sentence on which <u>both</u> he and the government expressly had agreed; consequently, the petitioner's Motion for reconsideration must be **DENIED**; and the petitioner's Request for Status Report is **DISMISSED as moot.**

**SO ORDERED.**

Signed: August 1, 2006

Richard L. Voorhees
United States District Judge