```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                          STATESVILLE DIVISION
                             5:04CV15-02-V
                       (5:97CR43-V and 5:97CR348-V)
```

| | |
|---|---|
| **TRAVIS BERNARD FRALEY,** ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     Respondent. ) | |

**THIS MATTER** is before this Court on the petitioner's "Request For A Certificate Of Appealability," filed September 7, 2006. For the reasons stated herein, the petitioner's Request will be denied.

The procedural history of the petitioner's underlying criminal cases was set forth in this Court's Order of dismissal, entered May 3, 2006; therefore, it will not be fully recounted here. Rather, for the purpose of addressing this Request, the Court will point out that the petitioner was convicted of engaging in a cocaine conspiracy on March 14, 1995 in case number 3:94CR120-MU. Then, on March 11, 1997, the petitioner was charged with two counts of possession with intent to distribute quantities of cocaine base and cocaine powder in case number 5:97CR43-V. However, before the charges in case number 5:97CR43-V could be resolved, on August 5, 1998, the petitioner was

charged in yet another federal Indictment which alleged that he had possessed a quantity of marijuana while in federal prison; and that he had possessed a quantity of heroin while in federal prison.

Eventually, the petitioner entered into a global Plea Agreement with the government in order to resolve all of the charges which were pending against him.  Pursuant to that Agreement, the petitioner promised to plead guilty to the four charges set forth in both Indictments and to provide substantial assistance to the government.  For its part, the government promised to seek a reduced sentence of 180 months for the petitioner's substantial assistance.  Thereafter, the petitioner appeared before the Court and tendered his guilty pleas, after which point his cases were scheduled for a sentencing proceeding.

Then, following several continuances, the Court held the petitioner's Factual Basis & Sentencing Hearing on September 1, 1999.  During that Hearing, the Court entertained the petitioner's objection to the inclusion in his criminal history of a conviction for a North Carolina "Assault on a Female" conviction.  After hearing arguments from the parties, the Court rejected the petitioner's objection, and then determined that the range of imprisonment which he was facing was 262 to 327 months.  However, the government made a motion for a downward departure pursuant to the terms of its Plea Agreement with the petitioner.  The Court granted that motion, and then imposed the 180-month term to which

the parties had agreed.

Next, instead of appealing his cases, after about four years (on February 13, 2004) the petitioner returned to this Court with his Motion to Vacate. Such Motion asserted, among other matters, that the petitioner's attorney had been ineffective for failing to present the alleged victim of his Assault conviction as an exculpatory witness during his sentencing proceeding; and that he was entitled to a review in this Court because he successfully had challenged the subject Assault conviction in State court.

Notwithstanding the fact that this Court determined that the petitioner's Motion to Vacate was <u>not</u> time-barred, such Motion still was summarily denied for the petitioner's failure to state a constitutional claim for relief. In particular, the Court's Order of dismissal noted that the petitioner had bargained with the government for a 180-month sentence; that the petitioner actually received the sentence for which he had bargained; that at the time that he was sentenced, the petitioner's Assault on a Female conviction still was valid in State court; that, in any event, the petitioner had withdrawn his challenge to his proposed Career Offender designation; and that he was not sentenced under that designation.

Equally critically, the Court also determined that even in the absence of the subject Assault conviction, the petitioner still could have been exposed to the Career Offender designation by virtue of his other qualifying convictions. Therefore, the

3

Court concluded that the petitioner's Motion to Vacate had to be denied and dismissed.

Next, the petitioner filed a Motion to Alter and Amend Judgment, which Motion was denied. Thus, on September 7, 2006, the petitioner filed a Notice of Appeal with the Fourth Circuit Court of Appeals and a Request for a Certificate of Appealability.

As the petitioner correctly has noted in his Request, a certificate of appealability can only be granted upon a petitioner's "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253. Here, however, there has been no such showing.

That is, the petitioner represents that on appeal he will challenge this Court's dismissal of his Motion to Vacate without first conducting an evidentiary hearing. However, that proposed claim certainly does <u>not</u> implicate any of the petitioner's constitutional rights inasmuch as there is no constitutional right to an evidentiary hearing in a <u>habeas</u> proceeding.

Likewise, the petitioner represents that he plans to challenge his attorney's failure to investigate the subject Assault conviction for sentencing purposes. However, as was noted in the Court's Order by which the petitioner's Motion to Vacate was denied and dismissed, that claim clearly cannot carry the day for the petitioner since he has failed to establish that he was prejudiced by counsel's allegedly deficient conduct. To put it simply, the petitioner received the sentence for which he had bargained; and since he does not challenge that sentence, he

4

cannot prevail on this claim against counsel.

Ultimately, the petitioner has failed to show that reasonable jurists would find that this Court's denial and dismissal of his Motion to Vacate either was debatable or wrong. Therefore, the petitioner's Request for a Certificate of Appealability must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Request for a Certificate of Appealability is **DENIED;** and

2. That the Clerk of this Court shall send copies of this Order to the petitioner and to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: October 10, 2006

Richard L. Voorhees
United States District Judge